DAY & CO. v. PICKENS COUNTY.

1. SUPREME COURT—JUDISDICTION.—This Court has no jurisdiction to review a finding of fact by a Circuit Judge on appeal from county commissioners.

2. PUBLIC BUILDINGS—COUNTY COMMISSIONERS.—In 1891 all work on public buildings in a county for more than $100 should have been let out on contract.

3. ARCHITECT has no authority as such to order extra work on a contract.

Before BUCHANAN, J., Pickens, December, 1897. Affirmed.

Claim by Elias Day & Co. *v.* Pickens County. The county commissioners disallowed most of the claim. The appeal to the Circuit Court was dismissed by the following decree:

On the 17th day of October, 1892, the plaintiffs filed a claim against the county of Pickens in the office of the county commissioners for said county in the sum of $3,346, for extra work done in building a new court house at Pickens, S. C. On the 30th day of January, 1893, the board of county commissioners approved said claim for $100, and rejected the balance thereof. No evidence was taken on said claim by said board, but, under orders of the Court on appeal, evidence was taken on said claim by a subsequent board of county commissioners on the 15th day of October, 1896. After hearing the evidence, the said board decided that the plaintiffs had already been paid for all the extra work according to previous arrangements and contracts, and disallowed said claim, except the $100 allowed by the previous board. From this decision the plaintiffs appealed to the Court of Common Pleas, and the cause was heard on said appeal by me at the October term of the Court for Pickens County. The claim is for extra work. It is admitted that the county commissioners advertised for bids to erect the court house, and that the bid of the plaintiffs was accepted for $9,000. After this bid was accepted, some changes in the building were made by the commissioners, and they agreed to pay the plaintiffs $10,000. This was the express contract between the plaintiffs and the county commissioners, and the said $10,000 has been paid by the county. Can the claim for extra work be sustained? I do not think so. In the case of *Ostendorff* v. *Charleston*, 14 S. C., 403, the powers of county commissioners in this State are fully discussed, and the conclusion reached that actions against the county must rest upon contract, either express or implied; that before a claim against the county can be sustained, the claimant must show that it rests on an express contract with the board of county commissioners, or that said board so assented to the work as to imply a con-

tract to pay for the same. I am satisfied, from the testimony in this case, that the county commissioners set out to build the court house by and under express contract, and that they did not authorize or assent to any extra work, except that for which they have paid. Mr. Day says, in his own testimony, that "Mr. Hendricks nor the board ever agreed to pay me anything extra, but have paid the original bid, and that is all they agreed to pay. I was to build this court house, Ruttan system and all, for $10,000. There was no contract made for the extras whatever." The testimony shows that the commissioners were very particular as to what extras they authorized. Mr. Day says he made a contract as to extras, and they paid him $30 for extra work on bar and seats, moving safe and making railings, $12. Mr. Hendricks, the chairman of the board, says that the boards paid for all extras that they authorized, and the other two members of the board indorsed this statement. He further testified that if "Day & Co. did any extra work not authorized or contracted with reference to by us, we did not know it. We were trying to go by contract." "I thought they were doing the work by contract." I do not see anything in the evidence to show that the county commissioners authorized the extra work to be done, except what they have paid for, or knew that the plaintiffs were doing extra work and expected pay therefor. I do not understand the testimony of the plaintiffs themselves to claim that the board of county commissioners ever authorized the extra work for which they now claim pay. Mr. Bowen said, in answer to the question, "By whose direction did you do this work?" "By the architect." Mr. Day said, "It was under the instruction of L. C. Mitchem and Matthew Hendricks that I did this work." "Mr. Hendricks referred me to Mr. Mitchem (the architect) in doing the work." I do not think the architect had power to bind the county. The testimony clearly shows that the contract with the architect was that he was to get up the plans and specifications, and make three visits to inspect the building while

it was going up, for $100. He had no power to bind the
county to pay for extra work. It is doubtful if the county
commissioners could have delegated their powers to him,
but there was no attempt to do so. The reason that an
architect cannot bind his principal to pay for extra work
is doubly strong in this case, because that same architect
was employed as foreman of the plaintiffs themselves in
building the court house. For the powers of an architect,
see 29 A. & E. Enc. of Law; 2 Am. & Eng. Enc. of Law,
2d ed., 821–815. I am, therefore, of the opinion that this
claim cannot be sustained, except for the $100 allowed by
the previous board, which is not to be affected by this judg-
ment.

It is, therefore, ordered, adjudged, and decreed, that the
grounds of appeal of the plaintiffs be overruled and the ap-
peal dismissed.

From this decree the claimants appeal.

*Messrs. Wells, Ansel & Hollingsworth,* and *Julius E.
Boggs,* for appellants, cite: *Party accepting work must pay
its value:* 2 Sp., 701, 363; 20 Am. Rep., 347; 2 Bay, 404;
10 Wall., 676; 118 U. S., 256; 24 N. E. R., 115; 17 N. E.
R., 593. *Where contract is not necessarily beyond scope of
power of corporation, it will be held valid:* 96 U. S., 258; 22
Col., 620; 29 N. J. Eq., 542; 63 N. Y., 62; 21 N. Y., 495; 107
U. S., 356. *Authority will be implied, where architect orders
extra work with knowledge of employer:* 3 F. & F., 307.

*Messrs. J. P. Carey* and *J. A. McCollough,* contra, cite:
*Court will not review findings here by trial Judge:* 40 S.
C., 276. *No liability on part of commissioners except by
contract:* 1 Sp., 31; 1 S. C., 407; 21 S. C., 416. *Statute
requires such work to be done under contract:* 14 Stat.,
662; 20 Stat., 965; 3 How., 251. *It must be shown that
employer had full knowledge, and contractor authority to
act:* 1 McC., 22.

July 26, 1898. The opinion of the Court was delivered by

4—53

MR. CHIEF JUSTICE MCIVER. This is an appeal from the judgment of the Circuit Court, dismissing an appeal from the action of the board of county commissioners of Pickens County in disallowing all of the claim of the plaintiffs, except the sum of $100, for which amount the claim was approved. The facts of the case sufficiently appear from the judgment of his Honor, Judge Buchanan, which is set out in the "Case," and which should be incorporated in the report of this case.

In so far as the exceptions impute error to the Circuit Judge with respect to matters of fact, this Court has no jurisdiction to review the same. *Tinsley* v. *Union County*, 40 S. C., 276.

In so far as the exceptions may be regarded as presenting questions of law, it seems to us that they are sufficiently disposed of by the authorities cited in the judgment of the Circuit Court. The claim is for extra work alleged to have been done on the court house of Pickens County, which had been erected by plaintiffs under a contract with the county commissioners, which, however, is not set out in the "Case," though the bond of the contractors, which is there set out, shows that the original contract price was $9,000, and there is evidence showing that the plaintiffs were paid the contract price in full, together with the further sum of $1,032.50 for certain extra work contracted for by the county commissioners. The claim in question for certain other work the Circuit Judge finds, as matter of fact, was not only not contracted for by the county commissioners, but that such commissioners did not know that this extra work was being done by the plaintiffs under an expectation of being paid for. The claim, however, seems to be that this extra work was done under the direction of the architect, who was employed by the county commissioners "to get up the plans and specifications, and to make three visits to inspect the building while it was going up," for which he was to be paid the sum of $100. Even if the county commissioners had the right to delegate their power

to contract to this architect, the Circuit Judge finds, as a matter of fact, that they did not undertake to do so; and the law in force at the time this claim arose expressly required that "all work given out by the county commissioners to be done on the public buildings as aforesaid, when the amount shall exceed $100, shall be done by contract" (Gen. Stat., sec. 610), and the amount of this claim far exceeds that sum. That an architect has no power to order extra work, is shown by the authorities cited—29 A. & E. Enc. of Law, 962; 2 Enc. (2d ed.), 820; and where the architect is also employed by the contractors, as was the case in this instance, no contract can be implied to pay for extra work directed by such architect—2 Enc. (2d ed.), 815-6.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.